United States District Court
Southern District of Texas
**ENTERED**
June 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PHILIP MCCRACKIN,** *et al.*, § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:22-CV-02430** |
| § | |
| **MERIDIAN SECURITY INSURANCE CO.,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND ORDER

Currently pending before the Court is Plaintiffs' Motion to Abate the Proceedings and Compel Appraisal. For the reasons stated below, Plaintiffs' Motion is **GRANTED** and the case **STAYED**.

### I. BACKGROUND

This is a suit between policyholders Philip and Heather McCrackin and their home insurer Meridian Security Insurance Co. for alleged failure to pay for water damages. Plaintiffs are owners of a home in Tomball, Texas. (Doc. 1-4 at ¶ 8.) On or about October 25, 2021, Plaintiffs' property was damaged by an accidental water leak. *Id.* ¶ 9. Plaintiffs submitted a claim to Meridian for the damages. *Id.* ¶ 10. According to Plaintiffs, Defendant's inspection was substandard and grossly undervalued the damages. *Id.* ¶ 11. Once Plaintiffs retained a public inspector, Defendant's adjustor reinspected the property and allegedly found damages amounting to $94,000—over three times the originally estimated amount. *Id.* ¶ 12. According to Defendant, some of these damages were found on the second floor while the water leak at issue was only downstairs, raising issues

as to causation. (Doc. 14 at 2.) On November 1, 2021, Defendant began to pay out approximately $26,000 to put the home back together. *Id.* at 3.

Plaintiffs filed suit in state court June 2022, bringing the following claims: breach of contract, noncompliance with the Texas Insurance Code (unfair settlement practices and prompt payment of claims), and breach of the duty of good faith and fair dealing. (Doc. 1-4.) Defendant timely removed to federal court. (Doc. 1.) Defendant denies Plaintiffs' claims and argues, in part, that Plaintiffs failed to segregate covered and uncovered damages, failed to mitigate damages, and otherwise seek to obtain coverage for damages caused by intervening or superseding elements. (Doc. 4.)

In May 2023, an engineer employed by Defendant reinspected the premises. (Doc. 14 at 3.) In June 2023, parties engaged in mediation. *Id.* at 4. After mediation failed, Defendant noticed the depositions of Plaintiffs. *Id.* Immediately after, and within a day of the failed mediation, Plaintiffs invoked the appraisal provision of the subject insurance policy. *Id.* When Defendant refused, Plaintiffs filed the pending Motion.

## II. WHETHER TO COMPEL APPRAISAL

The parties do not dispute the contractual right to invoke appraisal in these proceedings. Rather, the only area of disagreement is whether Plaintiffs waived their right to demand appraisal by waiting until this far into the litigation process. Plaintiffs argue they timely invoked appraisal after the failed mediation. Defendant contends Plaintiffs waived their demand by waiting until the last minute to seek appraisal.[1] Defendant also argues Plaintiffs are weaponizing the appraisal to avoid being deposed.

---

[1] Discovery closed on May 31, 2023, the dispositive motion deadline is July 31, 2023, and a jury trial is set for October 30, 2023.

### A. Legal Standard

Texas insurance policies frequently include provisions specifying appraisal to resolve disputes about the amount of loss under the policy. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888-89 (Tex. 2009). "An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'" *Id.* at 895.

However, "[t]he contractual right to appraisal may be waived." *Boone v. Safeco Ins. Co. of Ind.*, No. CIV.A.H-09-1613, 2010 WL 2303311, at *5 (S.D. Tex. June 7, 2010). "Waiver is ordinarily a question of fact, but where the facts are admitted or clearly established, it becomes a question of law." *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736, 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010).

Where the underlying contract does not otherwise provide clarity, "[t]he Texas Supreme Court has held that to establish waiver of an appraisal clause, a party must show that (1) an impasse was reached . . . ; (2) an unreasonable amount of time passed after the parties reached an impasse, and (3) the party suffered prejudice due to the delay." *In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 912 (Tex. App. 2015) (citing *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 411-12 (Tex. 2011)).

### B. Analysis

#### 1. When An Impasse Was Reached

The Court first considers when an impasse was reached as to the settlement negotiations. "An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal." *In re Universal Underwriters*, 345 S.W.3d at 408. "An impasse occurs when the parties mutually understand that neither will negotiate further." *In re Ooida Risk*, 475 S.W.3d at 912; *see also In re*

*Allstate Vehicle & Prop. Ins. Co.*, 549 S.W.3d 881, 888 (Tex. App. 2018) ("'Point of impasse' is a mutual understanding that neither party will negotiate further on the amount of loss. An impasse is reached when it becomes apparent to both sides that they disagree as to the damages and that further negotiations are futile.")

Defendant posits that its initial payout to Plaintiffs, in November 2021, or Plaintiffs' filing of the case, in June 2022, represented a point of impasse. Plaintiffs argue that the impasse happened in June 2023, when mediation failed.

Defendant urges the Court to find that the point of impasse necessarily occurs before or shortly after a case is filed. But courts are clear that no bright-line rule exists. Rather, "the appraisal clause may be invoked after suit, provided that the failure to do so has not amounted to waiver." *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009); *see In re Ooida Risk*, 475 S.W.3d at 912 ("Merely filing suit does not inherently signal that the parties have mutually concluded that all future settlement negotiations would be futile.").

Defendant further contends that, even if litigants can invoke the appraisal clause early in litigation, they cannot do so with trial a mere for months away and discover nearly complete. But Defendant provides no authority to suggest that appraisal cannot be requested this late in the litigation process. In fact, the Fifth Circuit has explicitly rejected the notion that "the interval between the appraisal request and the trial date" is relevant to an examination into waiver. *Dwyer*, 565 F.3d at 288. While the Court recognizes that the issue in *Dwyer* was slightly different from that in the present case,[2] given a lack of distinguishing authority the Court finds *Dwyer*'s holding persuasive and does not place significant emphasis on the impending trial date.

---

[2] In *Dwyer*, "[Defendant] first learned that [Plaintiffs] disputed only the amount of loss, not coverage or other issues" late in the litigation process and invoked appraisal. *Dwyer*, 565 F.3d at 288. In contrast, in the present case, the issue is not when the party learned that the amount of loss

Absent a clear rule as to the appropriate time in the judicial process to assert appraisal, the Court pursues a fact-specific inquiry into when parties deadlocked on the issue of the amount of loss. While caselaw is inconsistent on this point, it seems most courts have focused on the first clear point of breakdown in good-faith negotiations. *See, e.g.*, *Jai Bhole, Inc. v. Emps. Fire Ins. Co.*, No. CIV.A. G-10-522, 2014 WL 50165, at *2 (S.D. Tex. Jan. 7, 2014) (focusing on the first failed mediation over a subsequent attempt: "[A]n impasse, or 'deadlock,' was reached when [Defendant] first decided it would stand on its accord and satisfaction defense rather than negotiate. That decision to deny any further liability for Plaintiff's claims scuttled the initial mediation and led to attempts to have Plaintiff's suit summarily dismissed. . . . [I]t made, at that time, any further attempts by Plaintiff to negotiate a settlement futile.").

In some cases, courts have found this impasse occurred before litigation commenced. *See, e.g.*, *Sheridan v. Am. Bankers Ins. Co. of Fla.*, No. CIV.A. H-10-2455, 2011 WL 1542819, at *3 (S.D. Tex. Apr. 21, 2011) (focusing on lack of communication between parties after insurer tendered payment); *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736, 2010 WL 413687, at *2 (S.D. Tex. Jan. 27, 2010) ("Neither party made [] any effort to further investigate, document, or settle the matter" after insurer denied claim). In other cases, courts found the gridlock occurred at some point in the litigation process. *See, e.g.*, *In re Ooida Risk*, 475 S.W.3d at 912 (finding parties reached an impasse about seven months after filing suit, when settlement negotiations broke down); *see also Hayley v. Meridian Sec. Ins. Co.*, No. 7:22-CV-00036-O, 2022 WL 18859312, at *3 (N.D. Tex. Oct. 17, 2022) ("There is nothing in the record to evidence that Defendant believed the parties were at an impasse prior to mediation or that Plaintiffs acted in a

---

was at issue, but rather when it learned that it had reached a standoff as to its ability to negotiate on this fact.

Page **5** of **8**

manner that would constitute waiver prior to mediation. In the absence of evidence to the contrary, the fact that the parties entered into Court-ordered mediation serves as evidence that the parties did not yet believe negotiations would be futile."); *Hamorsky v. Allstate Vehicle & Prop. Ins. Co.*, 455 F. Supp. 3d 292, 298 (E.D. Tex. 2020) ("[A]ny argument that [the insurance company] believed that the parties were at an impasse [at the time of the filing of the lawsuit] is belied by the fact that the parties entered into mediation [eight months] following the filing of this suit.").

The factual record in this case is thin, but undisputed. Defendant paid out Plaintiffs' disputed claim in November 2021. Plaintiffs filed suit in June 2022. Defendant pursued a reinspection in May 2023 and parties subsequently participated in mediation. That a reinspection and mediation occurred in mid-2023 suggests that the parties were having ongoing conversations until that point. Defendant argues that it was its notices of deposition that caused Plaintiffs file the present motion as an obfuscation tactic. But Defendant's decision to file these notices immediately after the failed mediation suggests that it too saw the mediation as a moment of impasse.

Based on the facts presented, this Court concludes that failed mediation represents the point of impasse at which the parties mutually understood that they could negotiate on the amount of loss no further.

### 2. Whether an Unreasonable Amount of Time Passed

"[R]easonableness must be measured from the point of impasse." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 408 (Tex. 2011). The parties largely agree that the moment of impasse is the dispositive factor in the present inquiry. If the breakdown occurred in November 2021, when Defendant paid out the claim, or in June 2022, when Plaintiffs filed suit, the year (or greater) wait before Plaintiffs invoked appraisal would be clearly unreasonable. In

contrast, if the impasse occurred with the failed mediation, Plaintiffs invoked appraisal immediately after.

Having found the latter, the Court concludes that no unreasonable amount of time passed after the notice of impasse.

### 3. Whether Defendant Suffered Prejudice

To establish waiver, the Court must find both unreasonable delay and prejudice. *In re Universal Underwriters*, 345 S.W.3d at 411. Because the Court did not find unreasonable delay, it need not reach the issue of prejudice.

### III. WHETHER TO GRANT ABATEMENT

The parties disagree as to whether the Court should grant an abatement or stay pending the outcome of the appraisal. Staying or abating a case pending the outcome of appraisal advances the efficiency aims of discovery and appraisal because it "allow[s] the parties an opportunity to focus on the appraisal process without the additional expense of conducting other discovery." *Bakhtiari v. Am. Bankers Ins. Co. of Fla.*, 2011 WL 1542830, at *3 (S.D. Tex. Apr. 22, 2011).

Defendant expresses concern that its case would be prejudiced if it cannot complete depositions scheduled for June 28 and June 29, and that an abatement would prevent it from completing discovery or filing dispositive motions.

The Court orders a stay of proceedings. After the appraisal is complete, parties will have the opportunity to complete discovery and file dispositive motions.

### IV. CONCLUSION

Plaintiffs' Motion is **GRANTED** with respect to the Motion to Compel Appraisal. This case is hereby **STAYED** pending the appraisal. Discovery will be allowed thirty (30) days after the entry of an appraisal award; dispositive motions may be filed not later than (60) days after the

entry of an appraisal award; and trial will be reset and continued until at least ninety (90) days after the entry of an appraisal award.

**IT IS SO ORDERED**.

Signed at Houston, Texas on June 22, 2023.

_____
Keith P. Ellison
United States District Judge